IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI,** :
:
    Petitioner : CIVIL NO. 1:CV-13-1952
:
v. : (Judge Rambo)
:
**WARDEN ZICKEFOOSE,** :
:
    Respondent :

## M E M O R A N D U M

Petitioner Michael Rinaldi, an inmate currently incarcerated at the Federal Correctional Center at Allenwood ("FCC-Allenwood"), in White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 18, 2013. (Doc. 1.) In the petition, Petitioner requests that the court order the Bureau of Prisons ("BOP") to stop forcing him to hold a job while incarcerated. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.**     **Background**

Petitioner is currently serving a sentence imposed by the United States District Court for the Middle District of Pennsylvania for conspiracy to distribute and possession with intent to distribute cocaine and aiding and abetting; and possession of firearm by a convicted felon. (Doc. 7 at 2.) As stated above, Petitioner filed the

instant petition on July 18, 2013, challenging the BOP requirement that he hold a job while incarcerated. (Doc. 1.) On July 30, 2013, the court directed service of the petition. (Doc. 5.) Respondents answered the petition on August 19, 2013. (Doc. 7.) Petitioner has not filed a traverse, and thus, the petition is ripe for disposition.

## II. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. Where

a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[1] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, Petitioner's challenge to the BOP requirement that he hold a job while incarcerated is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. Rather, Petitioner is complaining that the BOP is forcing him to work while incarcerated. This job placement, however, does not affect the length of his sentence. Further, a decision in his favor would not alter his sentence or undo his conviction. As such, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241. Moreover, to the extent that Petitioner claims that the requirement that he work while incarcerated violates his constitutional rights, he fails to state a claim. *See Northrop v. Federal Bureau of Prisons*, Civ. No. 1:08-CV-0746, 2008 WL 5047792, at *8-9 (M.D. Pa. Nov. 24, 2008) (observing that requiring federal prisoners to work in accordance with institution rules does not violate the Constitution). Accordingly, the instant petition will be dismissed.

An appropriate order will issue.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

s/Sylvia H. Rambo
United States District Judge

Dated: September 9, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-13-01952 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN ZICKEFOOSE,** | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                          s/Sylvia H. Rambo
                                                  United States District Judge

Dated: September 9, 2013.