IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:13-CV-1952** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN ZICKEFOOSE,** | : | |
| | : | |
| **Respondent** | : | |

## M E M O R A N D U M

Before the court is Petitioner Michael Rinaldi's motion for reconsideration of

the court's memorandum and order of September 9, 2013 (Doc. 8), dismissing his

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

(Doc. 9.)  For the reasons that follow, the instant motion (Doc. 9) will be denied.


## I.   Background

In the petition, Petitioner challenged the authority of the Bureau of Prisons

("BOP") to "force him to work."  (Doc. 1 at 2.)  He contended that the sentencing

court "did not sentence him to any terms of servitude, peonage or labor and in order

for him to be forced to serve a term of labor he had to be convicted under a statute that

authorizes a sentence of a term of labor and sentenced accordingly."  (*Id*. at 2-3.) As

relief, Petitioner requested a court order directing the BOP to stop forcing him to hold

a job while incarcerated.  (*Id*. at 3.)

On July 30, 2013, the court directed service of the petition.  (Doc. 6.)  On August 19, 2013, Respondent filed a response to the petition.  (Doc. 7.)  On September 9, 2013, the court issued a memorandum and order dismissing the petition for lack of jurisdiction.  (Doc. 8).  Specifically, the court found that Petitioner's challenge to the BOP requirement that he hold a job while incarcerated was not a challenge to the fact or duration of his confinement, and thus was not properly asserted in a habeas petition brought under 28 U.S.C. § 2241.  (*See id*.)

Petitioner filed the instant motion for reconsideration on September 16, 2013.  (Doc. 9.)  In the motion, Petitioner claims that he is, in fact, challenging "the type of detention which is construed as a challenge to the execution of his sentence" and his petition is "appropriately before this court via 2241."  (Doc. 10 at 2.)  Specifically, Petitioner again claims that he was not sentenced to a term of "labor, peonage, slavery or involuntary servitude and the BOP has exceeded its authority by forcing him to serve a sentence he was not given by the district court."  (*Id*. at 2-3.)  After a brief stay was granted, (Doc. 12), Respondent filed a brief in opposition on October 25, 2013.  (Doc. 12.)  Petitioner filed a reply, (Doc. 14), as well as a sur-reply, (Doc. 18).  Thus, the motion for reconsideration is ripe for disposition.  After careful review, the court will deny the motion.

## II.   <u>Discussion</u>

2

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry.  Fed. R. Civ. P. 59(e).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

3

Applying the standard used when a party seeks reconsideration, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  Further, Petitioner's restated argument regarding his claim does not constitute new evidence that was unavailable when the court determined that it lacked jurisdiction to consider the claim under 28 U.S.C. § 2241. Again, Petitioner was not challenging either the fact or duration of his confinement; rather, he was complaining that the BOP did not have the authority to require that he maintain a prison job while incarcerated.  Thus, dismissal of the petition for lack of jurisdiction was proper.  While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision.  Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  May 13, 2014.